HECKMAN v. GOLDENBOGEN et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9572. Decided Oct.5, 1928,

Robert J. Selzer & Walter I. Krewson, Cleveland, for Heckman.

William L. David, Dir. of Law, and Howard H. Webster, Asst. Dir. of Law, Cleveland, for Goldenbogen, et.

**4**

## PER CURIAM.

Section 4 of article IX, which article relates to initiated ordinances, provides that the clerk of the council shall, within twenty days after the filing of an initiated petition, ascertain whether it is signed by the proper number of qualified electors, and at the completion of his examination he shall endorse upon the petition a certificate of his finding.

Section 5 of article IX provides that if the clerk's certificate shows that the petition is insufficient, he shall at once notify each member of the committee designated in the petition of his finding; and this article provides further that said original petition may be amended at any time within fifteen days after the date of the clerk's certificate, by filing with the clerk an additional petition; and within ten days after such amendment is filed, the clerk shall examine the amended petition and attach thereto his finding as to the sufficiency thereof.

Section 2 of article X provides that within forty days after an ordinance is passed by council, a petition signed by 15 per cent of the qualified electors of the city may be filed with the clerk of the council, requesting that such ordinance be repealed or submitted to a vote of the electors; and section 3 of said article makes it the duty of the clerk to ascertain the sufficiency of said petition. Said section further provides that if the clerk finds the petition to be sufficient, or "be rendered sufficient by amendment," the clerk shall certify that fact to the council, which shall then proceed to reconsider the ordinance; and if such ordinance, upon such reconsideration, be not entirely repealed, the duty is cast upon the council of submitting the same to a vote of the electors of said city.

No express provision is made in article X for filing supplemental referendum petitions when the original one is found insufficient by the clerk; but the defendants claim that a part of section 3 of said article X and section 5 of article X, by reference adopt parts of article IX relating to the filing of amendments to original initiated petitions.

This provision of Section 3, Art. 10 merely adopts the machinery of submitting initiated ordinances to the people, so far as the same is applicable to a referendum petition.

Section 5 of article X, in our judgment refers merely to the petitions themselves.

But from reading articles IX and X, we are unanimously of the opinion that the ones who drafted said charter and the people who adopted the same, intended that the electors of said city should have the full period of forty days in which to file a referendum petition upon certain ordinances passed by the council, and that when said petition was filed, the duty was cast upon the clerk to determine the sufficiency of said petition, and the drafters of said charter and the people intended that the same standard should be used to determine the sufficiency of a referendum petition as they did in determining the sufficiency of an initiated petition, and that

when they provided, in section 3 of article X, as to a petition being rendered sufficient, they had in mind that if the clerk certified that the original petition was insufficient, the petitioners should have the right to file additional names to meet the percentage requirement set forth in section 2 of article X; and while we are of the opinion that the drafters of the charter may have thought that referendum petitions could be amended within the same time and in the same manner as provided in article IX, they failed so to provide.

We are, however, unanimously of the opinion that it is the duty of the clerk, with all convenient speed, to ascertain and determine the sufficiency or insufficiency of referendum petitions when filed with him, and that section 3 of article X clearly provides that supplemental petitions may be filed to an original referendum petition and that this may be done within a reasonable time after the clerk certifies that the original petition is insufficient; and if this were not true, the phrase "be rendered sufficient by amendment," contained in said section 3, would be meaningless and of no effect, and there would have been no reason for inserting the same in said section. We are also of the opinion that the filing of the amended petition at the time it was filed, was within a reasonable time—especially when taking into consideration the period of time provided in said charter for filing amended initiated petitions.

The relief prayed for will therefore be denied and the petition dismissed.

W. E. Pardee and Ross W. Funk, Judges, of the Ninth District, and Roy H .Williams, Judge, of the Sixth District, sitting by designation, concur in judgment.